```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MANUEL G. HOOKER                              CIVIL ACTION

VERSUS                                        NUMBER: 10-1624

LYNN COOPER                                   SECTION: "S"(5)
```

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Manuel Hooker, and the State's response thereto. (Rec. docs. 1, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Hooker's petition be dismissed with prejudice.

Petitioner Hooker is a state prisoner who is currently incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On June 18, 2001, the State filed a bill of information charging Manual Hooker with attempted second degree murder.[1] On

---

[1] Lewis Hooker, a cousin and co-defendant, was charged with Manual Hooker but found to be not guilty at trial.

April 24, 2002, a twelve-member jury in Orleans Parish Criminal District Court found Manual Hooker guilty of the responsive verdict of attempted manslaughter.  Thereafter, the State filed a multiple bill charging Manual Hooker as a second felony offender.  On April 25, 2003, the trial judge found Manual Hooker to be a multiple offender and sentenced him to serve thirty years at hard labor.  On June 2, 2004, Hooker's conviction and sentence were affirmed on direct appeal to the Louisiana Fourth Circuit Court of Appeal. State v. Hooker, 874 So.2d 439 (Table), No. 2003-KA-2060  (La. App. 5th Cir. 2004).² Writs were denied by the Louisiana Supreme Court on December 10, 2004.  State v. Hooker, 888 So.2d 836 (La. 2004). Hooker's conviction became final ninety days later, on March 10, 2005, when the delays for seeking a writ of certiorari from the United States Supreme Court expired and no application therefor was made.  See U.S. Sup.Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

    Thereafter, on June 4, 2006, over a year after his conviction had become final, Hooker signed and dated a post-conviction relief application which was later filed with the Orleans Parish Criminal

---

    ²A copy of the Fourth Circuit's unpublished opinion is contained in the State rec., vol. 4 of 6.

District Court.  Hooker's effort to attain state post-conviction relief culminated on November 14, 2008, when the Louisiana Supreme Court denied his application for supervisory and/or remedial writs. State ex rel. Hooker v. State, 996 So.2d 1085 (La. 2008).  On May 4, 2010, Hooker signed his "Affidavit of Verification" which accompanied his federal habeas corpus petition.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Hooker have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Hooker's conviction became final on March 10, 2005 when he failed to seek certiorari from the U.S. Supreme Court following the denial of his writ application by the Louisiana Supreme Court.  At that point, the one-year limitation period set forth in §2244(d) began to run

and had expired by the time that Hooker signed his state post-conviction application on June 6, 2006.  That being the case, and because no facts are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), it will be recommended that Hooker's petition be dismissed with prejudice as untimely.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Manuel Hooker be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996)(en banc).[3]

New Orleans, Louisiana, this  4th  day of _____January_____, 2010.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.