UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL G. HOOKER                           CIVIL ACTION

VERSUS                                     NUMBER: 10-1624

LYNN COOPER                                SECTION: "S"(5)

## ORDER

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Magistrate Judge's Report and Recommendation, hereby rejects the Report and Recommendation of the United States Magistrate Judge.

The petitioner argues that the one year limitations period for filing a petition for a writ of *habeas corpus* provided by 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996), should be extended in his case due to Hurricane Katrina.

On September 1, 2005, in the aftermath of Hurricane Katrina, then-Chief Judge of the United States District Court for the

Eastern District of Louisiana, Helen G. Berrigan, ordered "that all deadlines and delays, including liberative prescription and peremptive periods in cases pending or to be filed in the Court, are hereby suspended until ordered otherwise." On November 3, 2005, Judge Berrigan ordered that the suspension was "terminated effective November 25, 2005 except for good cause shown as determined by the presiding judge." See Mark v. Michael, 2008 WL 4365929, *2 (E.D. La. 9/23/08).

In Mark v. Michael, 2008 WL 4365929, (E.D. La. 9/23/08), the court found that the AEDPA limitations period was suspended for the 86 days between September 1, 2005, and November 25, 2005. In Bartley v. Louisiana Dept. of Correction, 2009 WL 282932, at *3 (E.D. La. 9/2/09), the court adopted the reasoning of Mark v. Michael, and added 86 days to the petitioner's limitations period, which otherwise would have expired on December 30, 2005.

Petitioner's conviction became final, and the AEDPA one year limitations period began to run, on March 10, 2005, when he failed to seek *certiorari* from the Supreme Court of the United States following the denial of his writ application by the Supreme Court of Louisiana. Petitioner is entitled to the 86 day suspension of the limitations period that the court ordered in the aftermath of Hurricane Katrina. Therefore, petitioner's limitations period was extended until June 4, 2006.

2

Petitioner signed an application for state post-conviction relief on June 4, 2006. Pursuant to the "mail box" rule, that pleading is considered to have been filed in the state court on June 4, 2006. See State ex rel. Egana v. State, 771 So.2d 638 (La. 2000); see also Houston v. Lack, 108 S.Ct. 2379, 2385 (1988).

Section 2244(d)(2) provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one year limitation period. 28 U.S.C. § 2244(d)(2). Pursuant to Louisiana Code of Criminal Procedure article 930.8, a state prisoner has two years from the date that his judgment of conviction and sentence become final to file an application for post-conviction relief in the Louisiana state courts. Therefore, petitioner's state application for post-conviction relief, dated June 4, 2006, tolled the one year limitations period for filing a federal petition for a writ of habeas corpus.

On October 7, 2007, petitioner filed a Petition for Writ of Mandamus in the Louisiana Court of Appeal, Fourth Circuit. He argued that the state district court had not acted on his application for post-conviction relief, and sought an order from the court of appeal directing the district court to do so. The Louisiana Court of Appeal, Fourth Circuit denied the request.

Petitioner sought Supervisory and/or Remedial Writs from the Supreme Court of Louisiana regarding his petition for a writ of mandamus, which were denied on November 14, 2008.  There is no evidence in the record that the state district court has acted on petitioner's state application for post-conviction relief. Therefore, petitioner has a properly filed application for post-conviction relief pending before the state court, which serves to toll the statute of limitations for filing a federal petition for a writ of *habeas corpus*.

**IT IS ORDERED** that the petition of Manuel Hooker for issuance of a writ of habeas corpus under 28 U.S.C. §2254, is **REFERRED** to the United States Magistrate Judge for a Report and Recommendation consistent with this opinion.

New Orleans, Louisiana, this 31st day of _____January_____, 2011.


UNITED STATES DISTRICT JUDGE